1   J. Christopher Jorgensen (SBN 5382)
    E-mail:cjorgensen@lrrlaw.com
2   LEWIS ROCA ROTHGERBER LLP
    3993 Howard Hughes Pkwy, Suite 600
3   Las Vegas, NV 89169
    Tel: 702.949.8200
4   Fax: 702.949.8398

5   *Attorneys for GlaxoSmithKline LLC*

6
                    IN THE UNITED STATES DISTRICT COURT
7
                        FOR THE DISTRICT OF NEVADA
8

9   KATHERINE HALEY, individually and as        Case No.:
    ADMINISTRATOR for the ESTATE OF JOHN
10  HALEY and on behalf of JOHN HALEY,

11                              Plaintiffs,

12       vs.                                     **NOTICE OF REMOVAL**

13  SMITHKLINE BEECHAM CORPORATION
    d/b/a GLAXOSMITHKLINE, a Pennsylvania
14  Corporation; DOES I through X, inclusive; and  JURY TRIAL DEMANDED
    ROE CORPS XI through XX, inclusive,
15
                                Defendants.
16

17

18          Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant GlaxoSmithKline LLC

19  ("GSK"), by its undersigned attorneys, hereby removes this action from the District Court of Clark

20  County, Nevada, to the United States District Court for the District of Nevada.  Removal is

21  warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original

22  jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship between Plaintiff

23  and GSK.  In support of this Notice, GSK states as follows:

24                            **THE STATE COURT ACTION**

25          1.       On March 23, 2015, Plaintiff commenced this product liability action by filing a

26  Summons and Complaint in the District Court of Clark County, Nevada, styled as *Katherine*

27

28

*Haley, individually and as Administrator for the Estate of John Haley and on behalf of John Haley v. SmithKline Beecham Corporate d/b/a GlaxoSmithKline, et al.*, Case No. A-15-715720-C.

2.      Plaintiff served the Summons and Complaint in this action on GSK on March 31, 2015.  Other than the Summons and Complaint, GSK has received no other process, pleadings, motions, or orders relating to the action.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on GSK is attached hereto as Exhibit A.

3.      This Notice is being filed within thirty (30) days after receipt by GSK of the initial pleading setting forth the claims for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day time period under the removal statute begins to run from the date of formal service).

4.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and GSK has satisfied the procedural requirements for removal.

### SUBJECT MATTER JURISDICTION EXISTS BASED ON COMPLETE DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332

5.      This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) Plaintiff and GSK are not citizens of the same state and (b) the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

**A.      Diversity of Citizenship**

6.      Plaintiff is, and at all relevant times was, a citizen of the state of Nevada.  *See* Complaint ¶ 1.

7.      GSK is a citizen of Delaware for purposes of diversity of citizenship. *Johnson v. SmithKline Beecham Corp.*, Nos. 12–2561, 12–2562, 12–2563, 12–2564, 12–2565, 2013 U.S. App. LEXIS 11501, at *68 (3d Cir. June 7, 2013) (affirming that GSK is a citizen of Delaware).

5693386_1

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

1   GSK is, and was at the time this action was filed, a Delaware limited liability company, and, for

2   purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its

3   members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia*

4   *Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of GlaxoSmithKline

5   LLC is GlaxoSmithKline Holdings (Americas) Inc., a Delaware corporation with its principal

6   place of business in Wilmington, Delaware. Therefore, GSK is a citizen of Delaware. *See*

7   *Johnson*, 2013 U.S. App. LEXIS 11501, at *68.

8       8.      Complete diversity of citizenship exists between GSK and Plaintiff.[1]

9   **B.      The Amount in Controversy is Satisfied**

10      9.      From the face of the Complaint, it is apparent that Plaintiff seeks recovery of an

11  amount in excess of $75,000, exclusive of costs and interests.

12      10.     Plaintiff alleges that decedent's use of Avandia caused him to "develop[] a

13  cardiovascular condition when he sustained a heart attack which required bypass surgery in 2006."

14  *See* Complaint ¶ 21. Plaintiff further alleges that decedent's "cardiovascular condition worsened

15  ultimately leading to his death caused by congestive heart failure." *Id.* ¶ 23. The Complaint seeks

16  damages for these injuries, as well as decedent's wrongful death, Plaintiff's emotional distress and

17  loss of consortium, and funeral expenses. *Id.* ¶¶ 26-30, 37.

18      11.     Plaintiff also seeks punitive and exemplary damages. *Id.* ¶¶ 68, 75. Punitive

19  damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life*

20  *Assurance Society*, 320 U.S. 238, 240 (1943). Given the allegations set forth above, the face of

21  the Complaint makes clear that Plaintiff seeks in excess of $75,000, exclusive of interest and

22  costs.

---

[1] Upon information and belief, none of the remaining Doe and Roe Corp. defendants has been substituted with any named defendants or been served with process in the state court action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

3

12.     Federal courts considering complaints alleging similar damages have held that the amount in controversy requirement readily is met and diversity jurisdiction exists. *See e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (it was "facially apparent" that claim exceeded $75,000 based on plaintiff's "lengthy list of compensatory and punitive damages"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

13.     GSK reasonably believes and avers that the amount in controversy in this action exceeds $75,000, exclusive of costs and interest.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

14.     The United States District Court for the District of Nevada is the federal district encompassing the District Court of Clark County, Nevada, where this action was originally brought. *See* 28 U.S.C. § 108. Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

15.     Pursuant to the provisions of 28 U.S.C. § 1446(d), GSK will promptly file a copy of this Notice of Removal with the clerk of District Court of Clark County, Nevada and will serve a copy of the same upon Plaintiff's counsel.

## JURY DEMAND

16.     Pursuant to Federal Rule of Civil Procedure 38, GSK hereby demands a jury trial on all triable issues in this action.

## CONCLUSION

17.     For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and this action may be removed from the

5693386_1

District Court of Clark County, Nevada and brought before the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1441.

18.     WHEREFORE, Defendant GlaxoSmithKline LLC gives notice that the action styled as *Katherine Haley, individually and as Administrator for the Estate of John Haley and on behalf of John Haley v. SmithKline Beecham Corporate d/b/a GlaxoSmithKline, et al.*, in the District Court of Clark County, Nevada, Case No. A-15-715720-C, is removed to the United States District Court for the District of Nevada.

DATED this 15th day of April, 2015.

LEWIS ROCA ROTHGERBER LLP

By: _____
    J. Christopher Jorgensen
    3993 Howard Hughes Pkwy, Suite 600
    Las Vegas, NV 89169-5996
    *Attorneys for GlaxoSmithKline LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on counsel, listed below, on the 15 day of April, 2015, through the court's electronic service system:

Patrick W. Kang
Erica D. Lloyd
Kang & Associates, PLLC
3571 Red Rock Street, Suite A
Las Vegas, NV  89103
*Attorneys for Plaintiffs*

_____
an employee of Lewis Roca Rothgerber LLP

5

5693386_1

# EXHIBIT A

Electronically Filed
03/23/2015 03:45:41 PM

CLERK OF THE COURT

**COMP**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 010381
**ERICA D. LOYD, ESQ.**
Nevada Bar No.: 010922
**KANG & ASSOCIATES, PLLC**
3571 Red Rock Street, Suite A
Las Vegas, Nevada 89103
P: 702.333.4223
F: 702.507.1468

*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| KATHERINE HALEY, individually and as ADMINISTRATOR for the ESTATE OF JOHN HALEY and on behalf of JOHN HALEY, <br><br> Plaintiffs, <br><br> vs. <br><br> SmithKline Beecham Corporation d/b/a GlaxoSmithKline, a Pennsylvania Corporation; DOES 1 through X, inclusive; and ROE CORPS XI through XX, inclusive, | Case No.: A-15-715720-C <br> Dept. No: II <br><br> **COMPLAINT** <br><br> **CAUSES OF ACTION** <br> (1) **Wrongful Death;** <br> (2) **Negligence;** <br> (3) **Fraudulent Misrepresentations;** <br> (4) **Negligent Infliction of Emotional Distress; and** <br> (5) **Loss of Consortium.** |

COMES NOW, Plaintiff, KATHERINE HALEY, by and through her attorneys of record, Patrick W. Kang, Esq. and Erica D. Loyd, Esq. of the law firm of KANG & ASSOCIATES, PLLC, as and for her complaint against Defendants, SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, DOES and ROE CORPORATIONS and hereby complains, alleges and states as follows:

[1]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

## PARTIES

1. Katherine Haley (hereinafter "Ms. Haley" or Plaintiff) was at all times relevant a resident of Clark County, Nevada. Katherine Haley's spouse is John Haley, who was at all times relevant a resident of Clark County, Nevada. Katherine Haley is the Administrator and Personal Representative of John Haley's estate.

2. SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") was at all times relevant a Pennsylvania Corporation whom is in the business of formulating, developing, manufacturing, marketing, distributing, selling for profit pharmaceutical product or drugs, including the widely-used diabetes prescription drug Avandia (rosiglitazone), throughout the United States, including in and for Clark County, Nevada.

3. The true names and capacities, whether individual, entities, corporate, associate or otherwise of other defendants hereinafter designated, as DOES I-X and ROES XI-XX, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

## VENUE AND JURISDICTION

4. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

5. The exercise of jurisdiction by this Court over the Defendant in this civil action is proper pursuant to NRS 14.065.

6. The wrongful death allegations for which Plaintiff complains and for which Defendant is liable arises out of actions and treatment that took place in Clark County, Nevada.

...
...

[2]

**KANG & ASSOCIATES, PLLC.**
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

## GENERAL ALLEGATIONS

7. Around 2002, John Haley was diagnosed with Type II Diabetes and prescribed Avandia.

8. Upon information and belief Avandia, created and marketed by GSK, is intended to treat persons with type II diabetes by assisting in blood-sugar control.

9. At all times relevant Avandia only had one other competitor in the oral diabetes treatment market.

10. Upon information and belief Avandia is GSK's second largest selling medical prescription drug after its sales from Advair.

11. GSK's Avandia product causes heart injuries excessive fluid retention, fluis-overload disease, cardiac injuries, heart attack, liver damage, liver failure, stroke and severe injury to the heart leading to cardiac arrest and death.

12. In August of 2006, the FDA meta-analysis demonstrated to GSK that patients taking Avandia had a 31% higher risk of adverse cardiovascular events such as heart attack when using the Avandia prescription drug.

13. However, despite GSK's studies, data analysis and intimate knowledge of the increased dangers, Avandia's label only warned patients about possible heart failure or problems when taking Avandia with insulin.

14. Upon information and belief, Avandia poses significant safety risk due to defects in its chemical design and inadequate labeling.

15. On March 21, 2007, the FDA issued a Safety Alert on Avandia showing that there is a potentially significant risk of heart attack and heart-related deaths in patients taking Avandia.

[3]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

16. It was not until August 14, 2007, that GSK was required by the FDA to update GSK's Avandia label with a black box warning regarding the use of Avandia regarding cardiac injuries.

17. The updated label stated in pertinent part: "cause or exacerbate cardiac injuries in some patients...observe patients carefully for signs and symptoms of heart failure...discontinuation or dose reduction of Avandia must be considered."

18. It is clear that GSK failed to adequately warn or inform customers, including Plaintiff's treating physcians of the known defects that Avandia that can lead to increased cardiovascular events.

19. Furthermore, GSK fraudulently concealed these known defects and made misrepresentations to the damage and detriment of the Plaintiffs.

20. John Haley was prescribed Avandia in 2002.

21. John Haley had diabetes but developed a cardiovascular condition when he sustained a heart attack which required bypass surgery in 2006.

22. John Haley took the medication Avandia for five years until 2007 when his physician discontinued the use of Avandia all together, and took his patients, including Mr. Haley off the drug.

23. As years passed despite corrective efforts, John Haley's cardiovascular condition worsened ultimately leading to his death caused by congestive heart failure on March 26, 2013.

24. It wasn't until his untimely death at the age of 67 that his spouse and estate realized that Avandia cause of this unfortunate set of events.

25. As a result of using Avandia, John was exposed to hazardous and dangerous substance, causing his death as discussed herein.

[4]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

26. As a direct and proximate result of Defendants' negligent and/or tortious conduct, Plaintiffs received the injuries mentioned herein.

27. The aforementioned negligence and resulting injuries substantially continually diminished Ms. Haley's ability to spend further time with her husband.

28. Further, the aforementioned incident shortened and robbed John Haley's life span.

29. The remnant affects of the incident caused a colossal detriment and emotional distress for the Plaintiffs.

30. As a direct and proximate result of the Defendants' acts and conduct, Plaintiffs received the injuries mentioned herein.

## FIRST CLAIM FOR RELIEF
### (WRONGFUL DEATH)

31. Plaintiffs hereby replead, reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiff who ingested GSK's product Avandia for five years contracted diseases and injuries causing pain, suffering and death as a result of the Defendant negligence and fraudulent misrepresentations.

33. Subsequent to John Haley's ingestion of Avandia he experienced cardiac deterioration which led to his death from congestive heart disease.

34. Upon information and belief, Defendant caused the injuries and diseases by failing to even adequate warn John Haley and his treating physicians.

35. The above referenced intentional, reckless, malicious, or negligent acts by the Defendant contributed to and were the actual and proximate cause of John Haley's

[5]

death.

36. As a direct and proximate cause of Defendant's intentional, reckless, malicious, or negligent acts, John Haley was anguished with extreme pain and suffering prior to her death.

37. As a direct and proximate cause of Defendant's intentional, reckless, malicious, or negligent acts, the Plaintiffs incurred funeral expenses in an amount to be determined at the time of trial.

38. The Defendants' intentional, reckless, malicious, or negligent acts were the actual and proximate cause of Plaintiffs' damages, which are in excess of $10,000.00.

39. Due to the Defendants' conduct, the Plaintiffs were forced to retain the services of an attorney in order to prosecute this action, and therefore is entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF
(NEGLIGENCE)

40. Plaintiffs thereby replead, reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

41. Defendant owed a duty to John Haley to exercise reasonable care in the design manufacture, testing processing, marketing advertising, labeling, packaging distribution and sale of Avandia.

42. GSK knew or should have known that Avandia was not safe and that the user could sustain injuries and harm from the drug; Avandia knew and intentionally failed its fiduciary duty to be honest with the public and the Plaintiff.

[6]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

43. Defendant negligently, recklessly, grossly negligently, wantonly and willfully displayed a morally culpable and conscious disregard of the rights of others in that GSK failed to exercise reasonable care and failed to fulfill the above-stated duty by the manner that Defendant, directly and indirectly, advertised, marketed, promoted Avandia for the treatment of diabetes, even though Avandia, in fact, was not reasonably safe for such use.

44. Furthermore, Defendant failed to warn of the increased risk of serious cardiovascular events which Defendant knew or should have known about.

45. Defendant negligently, recklessly, grossly negligently, wantonly and willfully displayed a morally culpable and conscious disregard of the rights of others by manufacturing, distributing, selling, advertising, marketing and promoting Avandia even though such drug was not safe or effective for any purpose because it caused serious cardiovascular events.

46. GSK further, failed to adequately warn the trusting public, including the Plaintiff, prescribing physicians and health care providers, a true complete, accurate and correct risk and lack of efficacy of Avandia for diabetes patients.

47. John Haley's exacerbated heath conditions, onset of heart conditions, and death from congestive heart failure was caused by the negligence, recklessness, gross negligence, wantonness, willfulness and conscious disregard of public safety, including the Plaintiff's safety.

48. Defendant's demonstrated its' callous disregard in the design, manufacture, advertising, distribution, promotion, labeling of Avandia when it portrayed to the public, Plaintiff and Plaintiff's treating physicians that Avandia was safe and effective.

49. GSK breached its duty when it failed to adequately label Avandia, sold and distributed Avandia despite knowing that Avandia had serious life-threatening side-effects rather

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

[7]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

than life-sustaining effects.

50. GSK breached its duty when it failed to advise or warn consumers and medical communities regarding the severe and disabling side effects of Avandia including but not limited to severe heart injury, liver failure, fluid retention, cardiac arrest and death.

51. Defendant's breach is an actual and proximate cause of injuries and damages complained of herein and of the death of John Haley, in excess of $10,000.00.

52. Due to the Defendants' conduct, the Plaintiffs were forced to retain the services of an attorney in order to prosecute this action, and therefore is entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF
### (FRAUDULENT MISREPRESENTATIONS)

53. Plaintiffs replead, reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 52 above as if fully set forth.

54. In the course of Defendant's business, GSK supplied false information regarding the product it sold and distributed.

55. Defendant represented and mass marketed that Avandia was safe and effective for diabetes patients.

56. GSK was fully aware of the risks of ingesting Avandia, yet, GSK failed to communicate these said risks to the Plaintiff and other members of the public.

57. GSK fraudulently and intentionally failed to warn that Avandia had an increased risk of causing serious cardiovascular events.

58. The public including the Plaintiff and Plaintiff's physicians, whom justifiably, to their detriment, relied on GSK misrepresentations.

[8]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

59. Upon information and belief GSK made said representation for its financial gain of profits to the Plaintiff's financial and physical detriment.

60. Defendants' misrepresentations were the proximate cause of Plaintiff's injuries, damages and John Haley's death, which are in excess of $10,000.00.

61. It has become necessary for the Estate to retain the services of an attorney to prosecute this action and the Estate is therefore entitled to attorney's fees and cost of suit.

62. Due to the Defendant's conduct, the Plaintiffs were forced to retain the services of an attorney in order to prosecute this action, and therefore are entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

**FOURTH CLAIM FOR RELIEF**
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

63. Plaintiffs replead, reallege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 62 above as if fully set forth.

64. Defendant's extreme and outrageous negligent conduct caused Plaintiff to suffer irreparable physical harm, severe mental and emotional anguish, and death.

65. The aforementioned conduct constitutes negligent infliction of emotional distress upon Plaintiffs.

66. Plaintiff witnessed the deterioration of her husband suffering from numerous cardiovascular problems which onset after his use of Avandia.

67. As a direct and proximate result of the above described actions and omissions of Defendant, Plaintiffs suffered damages, and demands judgment against the Defendants for special and compensatory damages in excess of ten thousand dollars ($10,000.00).

[9]

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

68. Plaintiffs are informed, believe and allege thereon that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive, sadistic and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

69. It has become necessary for the Estate to retain the services of an attorney to prosecute this action and the Estate is therefore entitled to attorneys' fees and cost of suit.

70. Due to the Defendants' conduct, the Plaintiffs were forced to retain the services of an attorney in order to prosecute this action, and therefore are entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

### FIFTH CLAIM FOR RELIEF
(LOSS OF CONSORTIUM)

71. Plaintiffs replead, reallege and incorporates herein by reference each and every allegation contained in paragraphs 1 through 70 above as if fully set forth.

72. John Haley was at all times relevant herein the husband of Plaintiff and as such lived and cohabitated with Plaintiff.

73. By reason of the aforementioned conduct, Plaintiff has been caused, presently and for the future the loss of John's companionship, services, society has been lost and as such Plaintiff has been caused great mental anguish and suffering.

74. As a direct and proximate result of the above described actions and omissions of Defendants and each of them, Plaintiffs suffered damages, and demands judgment against the Defendants for special and compensatory damages in excess of ten thousand dollars ($10,000.00).

[10]

75. Plaintiffs are informed, believe and allege thereon that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive, sadistic and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

76. It has become necessary for the Estate to retain the services of an attorney to prosecute this action and the Estate is therefore entitled to attorneys' fees and cost of suit.

77. Due to the Defendants' conduct, the Plaintiffs were forced to retain the services of an attorney in order to prosecute this action, and therefore are entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

**WHEREFORE**, Plaintiffs are entitled to judgment in their favor and against the Defendants, as follows:

1. For judgment in an amount in excess of $10,000.00;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For interest thereon at the legal rate until paid in full;
4. For punitive damages in an amount to be determined by this court; and
5. For such other and further relief as the Court may deem just and proper.

...
...
...
...
...
...
...
...

[11]

## JURY DEMAND

Plaintiffs demand that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution, and pursuant to Rule 38(b) of the Nevada Rules of Civil Procedure.

Dated this 23rd day of March 2015.

KANG & ASSOCIATES, PLLC

**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 010381
**ERICA D. LOYD, ESQ.**
Nevada Bar No.: 010922
6480 W. Spring Mountain, Suite 1
Las Vegas, NV 89146
702.333.4223
*Attorneys for Plaintiffs*

KANG & ASSOCIATES, PLLC.
6480 Spring Mountain, SUITE 1
LAS VEGAS, NV 89146

[12]

SUMM
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 010381
**ERICA D. LOYD, ESQ.**
Nevada Bar No.: 010922
**KANG & ASSOCIATES, PLLC**
3571 Red Rock Street, Suite A
Las Vegas, Nevada 89103
P: 702.333.4223
F: 702.507.1468

*Attorneys for Plaintiff*

### DISTRICT COURT
### CLARK COUNTY, NEVADA

KATHERINE HALEY, individually and as
ADMINISTRATOR for the ESTATE OF JOHN
HALEY and on behalf of JOHN HALEY,

              Plaintiffs,

      vs.

SmithKline Beecham Corporation d/b/a
GlaxoSmithKline, a Pennsylvania Corporation;
DOES 1 through X, inclusive; and ROE CORPS
XI through XX, inclusive,

Case No.: A-15-715720-C
Dept. No: 11

### SUMMONS-CIVIL

SUMMONS - CIVIL

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

[1]

KANG & ASSOCIATES, PLLC
3571 RED ROCK STREET, SUITE A
LAS VEGAS, NV 89103

1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a)     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b)     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

CLERK OF THE COURT

Submitted by:

MAR 2 5 2015

By _____
    Deputy Clerk     Date
    ADELINE BELSEY

    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, NV 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).

KANG & ASSOCIATES, PLLC.
557 RED ROCK STREET, SUITE A
LAS VEGAS, NV 89103

[2]

## Notice re Service of Process

The only entity for which service can be accepted at this location is GlaxoSmithKline LLC (formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline). If you are attempting to serve papers on any other entity, no one at this location is authorized to accept such service and any attempted service will be invalid. If you wish, you may leave an information copy of such other papers at this location but such action will not constitute service of process nor will it constitute waiver of any claim of defective service.

Case Jurisdiction: District Court Clark County Nevada

Case Number: A-15-715720-C

Case Name: Katherine Haily vs. GSK

Signature of Person Serving Process: *Cul Bel*

Printed Name of Person Serving Process: Colin Bailey

Date: 3/31/2015

Signature of DR&P Member: *Nancy French*

Comments: _____

*Legal Dept. Copy*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Katherine Haley, individually and as Administrator for the Estate of John Haley and on behalf of John Haley,

## DEFENDANTS

SmithKline Beecham Corporation d/b/a GlaxoSmithKline, a Pennsylvania corporation, et al.,

**(b)** County of Residence of First Listed Plaintiff     Clark
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kang & Associates, PLLC, 3571 Red Rock Street, Suite A, Las Vegas, NV 89103; (702) 333-4223

Attorneys *(If Known)*
J. Christopher Jorgensen, Lewis Roca Rothgerber LLP, 3993 Howard Hughes Pkwy., Ste. 600, Las Vegas, NV 89169; 702-949-8200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1   U.S. Government    Plaintiff | ❏ 3   Federal Question      *(U.S. Government Not a Party)* |
| ❏ 2   U.S. Government    Defendant | ☒ 4   Diversity      *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ☒ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1 Original Proceeding | ☒ 2 Removed from State Court    ❏ 3 Remanded from Appellate Court    ❏ 4 Reinstated or Reopened    ❏ 5 Transferred from Another District *(specify)*    ❏ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 1332, 1441 and 1446
Brief description of cause:
Product liability; wrongful death; negligence

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    15 APRIL 2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____